THE PEOPLE, *ex rel.* Hunt & Seaman, *vs.* WHEELER,
coroner, &c.

The sheriff, or other officer, to whom an attachment for a contempt has been delivered to be served, has the whole time of the actual sitting of the court upon the return day of the attachment to return the same, unless he is specially directed by the court to return it immediately.

Where the party prosecuting the attachment wishes to expedite the proceedings, he may, upon an affidavit of the delivery of the attachment to the proper officer a sufficient time before the return day to have enabled him to serve and return it, and that it has not been returned, move the court, previous to its adjournment on the return day, for an order that such officer return the attachment *sedente curia* on that day or that an attachment issue against him, upon filing the register's or clerk's certificate of his default.   But it is irregular to take out an attachment against the officer during the actual sitting of the court on that day.

THIS was an appeal from a decision of the vice chancellor of the first circuit, convicting the defendant, as coroner of

the city and county of New-York, for a contempt in not re-
turning an attachment issued against the sheriff. The attach-
ment was made returnable on the 25th of September, at ten
o'clock in the forenoon, and J. M. Lowndes was deputed by
the coroner to serve and return it. He stated in his affida-
vit that he attended with the sheriff at the time the attach-
ment was returnable, and found the vice chancellor engaged
delivering opinions; that having business in the sheriff's of-
fice, which was directly across the hall from the vice chan-
cellor's court room, he went in there for a few minutes, and
that he returned before eleven o'clock and made return of
the attachment, and as he believed before any motion was
made against the coroner for not returning it. The solicitor
for the relators, on the contrary, swore that he waited until
between eleven and twelve o'clock, and finding, by a
search at the clerk's table, that the attachment had not then
been returned, he obtained an order for an attachment
against the coroner, and immediately left the court; having,
as he stated in his affidavit, business in the circuit court in
Kings county.

*N. B. Blunt,* for the appellant.

*J. W. Merritt,* for the relators.

The Chancellor. It is charged in the affidavit of Mr.
Lowndes that the obtaining of an order for an attachment,
during his temporary absence in the sheriff's office, was a
mere trick on the part of the solicitor for the relators. But
this is denied in the affidavit of the solicitor; who also de-
nies that he had any knowledge that Mr. Lowndes was at-
tending there to return the attachment for the coroner. It
appears, however, that the sheriff was in the court while the
vice chancellor was pronouncing his decisions; and as his
office was but a few feet from the court room, it certainly
would have been more courteous to have inquired of him
whether he was attending there upon the attachment issued
against him, before proceeding to make more costs by a
motion against the coroner. Even if the solicitor was tech-
nically right in this case, therefore, I think the excuse of the

coroner was such that the vice chancellor should not have convicted him for a contempt ; but should have discharged the attachment against him, without charging him with the costs, which would have been wholly unnecessary if ordinary courtesy towards an officer of the court had been observed.

I have arrived at the conclusion, however, that the proceedings on the part of the relators were technically irregular, and that the coroner was not in default for not returning the process against the sheriff the very moment that the time at which it was made returnable had arrived. The appellant was therefore entitled to be discharged, from this proceeding against him as for a contempt, as a matter of strict right. The statute requires that the sheriff, or other officer, to whom an attachment for contempt is delivered to be served, shall return the same by the day specified therein, without any previous rule or order for that purpose ; and that in case of his default an attachment may be issued against him, of course, upon being allowed by a judge of the court. (2 *R. S.* 537, § 17.) Under this statutory provision it has been held that the officer who serves the attachment must return the same to the court, at the place where such court is held, on the return day of the attachment, and during the actual sitting of the court on that day. This is sufficiently onerous upon the officer, who has no opportunity to make an excuse before he is liable to arrest upon an attachment against himself which by the statute is declared not to be bailable ; and which may therefore subject him to imprisonment for some considerable time, before he can have an opportunity to be heard to purge his contempt. But such a construction of the statute seemed to be necessary to carry into effect the intent of the legislature. It would, however, be too rigid a construction of the statute to require the officer to return the process at the very first moment when it could be returned ; and that too at the peril of the loss of his personal liberty, for some time at least, if he neglected to do so. Where the officer is present in court, on the return day of the attachment, he may undoubtedly be ordered by the court to return the process instanter, so that proceed-

ings may be forthwith had thereon, unless he can show some excuse for delaying the return. But where the proceeding against him is ex parte, and during his absence from court, as was the case here, it is irregular to take out an attachment against him, for not returning the process, until after the rising of the court on that day. In other words, he has the whole time of the sitting of the court on that day to return the attachment, unless he is specially directed by the court to return it immediately. If the party prosecuting the attachment wishes to expedite the proceedings, he may, upon an affidavit of the delivery of the process to the proper officer, a sufficient time before the return day to have enabled him to serve and return it, and that it has not been returned, move the court, before its adjournment on that day, that an attachment issue against such officer unless the process is returned by him *sedente curia.* And in case it is not returned before the adjournment of the court, he may thereafter, upon a certificate of the register or clerk of such default in returning the process, proceed upon that order by attachment against the officer.

In this case the process was actually returned long before the adjournment of the court on the return day thereof. The appellant, therefore, was not guilty of a contempt ; and the order appealed from must be reversed. And as the relators were endeavoring to charge the appellant with a useless bill of costs, by holding him to what they knew to be a rigid course of proceeding, and are found to be themselves in the wrong, they must pay his costs of this appeal and of the proceedings upon the attachment against him ; to be taxed together in one bill. The appellant must be discharged from the attachment. But as that process was issued in pursuance of an erroneous order of the court itself, I shall not direct the attachment to be set aside, so as to subject the relators and their solicitors to an action of false imprisonment, provided the costs are paid within twenty days after service of the taxed bill on their solicitor. If the costs, however, are not paid, the appellant is to be at liberty to apply to the vice chancellor to set aside the attachment, and the order upon which it was founded, for irregularity.